# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| THE ESTATE OF TROY CAUSEY JR., By And Through His Mother, TAMMY SIMPSON, Individually And On Behalf Of His Heirs <br>     Plaintiffs, <br><br> vs. <br><br> MIKE MILES, In His Official Capacity As Superintendent Of The Dallas Independent School District; TERRY S. SMITH, In Her Official Capacity As Executive Director Of The Dallas County Juvenile Department; TERRY S. SMITH, In Her Official Capacity As Chief Juvenile Probation Officer for Dallas County; <br>     Defendants. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION <br> NO. 3:15-CV-0914-N <br> (ECF) |

**MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)
AND BRIEF IN SUPPORT ON BEHALF OF DEFENDANT
TERRY S. SMITH, IN HER OFFICIAL CAPACITIES**

SUSAN HAWK
DALLAS COUNTY DISTRICT ATTORNEY

PETER L. HARLAN
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 09011300
FRANK CROWLEY COURTS BUILDING
133 N. RIVERFRONT BLVD., LB 19
DALLAS, TEXAS 75207-4399
(214) 653-3691 (Telephone)
(214) 653-2899 (Facsimile)
pharlan@dallascounty.org

ATTORNEYS FOR DEFENDANT
Terry S. Smith, In Her Official Capacities

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

BACKGROUND .................................................................................................................... 2

LEGAL STANDARD FOR DISMISSAL UNDER FED.R.CIV.P. 12(b)(6) .............................. 4

PLAINTIFF'S CLAIMS AGAINST SMITH IN HER OFFICIAL CAPACITIES UNDER 42 U.S.C. §1983 ........................................................................................................................... 5

ARGUMENT AND AUTHORITIES ...................................................................................... 7

**ARGUMENT NO. 1**

**THE PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE SUBSTANTIVE DUE PROCESS CLAIM AGAINST THE DALLAS COUNTY DEFENDANTS UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C. §1983 BECAUSE SHE HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT AN INFERENCE OF A DELIBERATE INTENT TO CAUSE HARM TO CAUSEY BY DCJD OFFICIALS.** ........................................................................................................ 7

**ARGUMENT NO. 2**

**THE PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE CLAIM FOR RELIEF AGAINST THE DALLAS COUNTY DEFENDANTS UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C. §1983 BECAUSE SHE HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT AN INFERENCE THAT A DCJD POLICY OF DELIBERATE INDIFFERENCE WAS THE MOVING FORCE BEHIND A VIOLATION OF CAUSEY'S CONSTITUTIONAL RIGHTS.** ....................................................... 10

**ARGUMENT NO. 3**

**THE PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE CLAIM FOR RELIEF AGAINST THE DALLAS COUNTY DEFENDANTS UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C. §1983 FOR FAILURE TO TRAIN OR SUPERVISE BECAUSE SHE HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT AN INFERENCE THAT A DCJD POLICY OF INADEQUATE TRAINING OR SUPERVISION WAS THE DIRECT CAUSE OF HARM TO CAUSEY.** ............................................................ 12

PRAYER ................................................................................................................................. 13

CERTIFICATE OF SERVICE ................................................................................................ 14

# **TABLE OF AUTHORITIES**

**Cases**

*Albright v. Oliver*,
 520 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) .................................................. 8

*Ashcroft v. Iqbal*,
 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ............................................ 4, 5

*Bd. Of Cnty. Comm'rs v. Brown*,
 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) ............................................. 10

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ............................................... 4

*Brittany B. v. Martinez*,
 494 F.Supp.2d 534 (W.D. Tex. 2007) ........................................................................... 5

*Burge v. Taumany Parish*,
 336 F.3d 363 (5th Cir. 2003) ....................................................................................... 12

*City of Oklahoma City v. Tuttle*,
 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) ............................................... 11

*Cnty. of Sacramento v. Lewis*,
 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) ......................................... 8, 9

*Collins v. Harker Heights*,
 503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) ............................................... 8

*Collins v. Morgan Stanley Dean Witter*,
 224 F.3d 496 (5th Cir. 2000) ......................................................................................... 5

*Conner v. Travis County*,
 209 F.3d 794 (5th Cir. 2000) ....................................................................................... 12

*Connick v. Thompson*,
 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011) .................................................................... 12

*Doe v. Hillsboro Indep. Sch. Dist.*,
 113 F.3d 1412 (5th Cir. 1997) ..................................................................................... 10

*Gonzalez v. Ysleta Indep. Sch. Dist.*,
 996 F.2d 745 (5th Cir. 1993) ....................................................................................... 11

*Kentucky v. Graham*,
   473 U.S. 165, 105 S.Ct. 3099, 87 L.Ed.2 114 (1985) ............................................................... 5

*Leffall v. Dallas Indep. Sch. Dist.*,
   28 F.3d 521 (5th Cir. 1994) ..................................................................................................... 7

*McClendon v. City of Columbia*,
   305 F.3d 314 (5th Cir. 2002) ................................................................................................... 9

*Penny v. New Caney Indep. Sch. Dist.*,
   2013 U.S. Dist. LEXIS 73375 (S.D. Tex. May 23, 2013) .................................................. 5, 13

*Peterson v. City of Fort Worth, Texas*,
   588 F.3d 838 (5th Cir. 2009) ................................................................................................. 12

*Pineda v. City of Houston*,
   291 F.3d 325  (5th Cir. 2002) ................................................................................................ 11

*Piotrowski v. City of Houston*,
   237 F.3d 567 (5th Cir. 2001) ............................................................................................ 10, 11

*Rivera v. Hous. Indep. Sch. Dist.,*
   349 F.3d 244 (5th Cir. 2003) ................................................................................................. 10

*Sanders-Burns v. City of Plano*,
   594 F.3d 366 (5th Cir. 2010) ................................................................................................. 13

*Snyder v. Trepagnier*,
   142 F.3d 791 (5th Cir. 1998) ................................................................................................. 11

*Sonnier v. State Farm Mut. Auto. Ins. Co.*,
   509 F.3d 673 (5th Cir. 2007) ............................................................................................... 4, 9

*Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*
   365 F.3d 353 (5th Cir. 2004) ................................................................................................... 5

*Spivey v. Robertson*,
   197 F.3d 772 (5th Cir. 1999) ................................................................................................... 5

*Teal v. City of Houston*,
   523 F.Supp.2d 555  (S.D. Tex. 2007) .................................................................................... 11

**Statutes**

42 U.S.C. §1983 ................................................................................................................ 7, 10, 12

TEX. CIV. PRAC. & REM. CODE §101.001(3) ............................................................................. 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **THE ESTATE OF TROY CAUSEY** | § | |
| **JR., By And Through His Mother,** | § | |
| **TAMMY SIMPSON, Individually And** | § | |
| **On Behalf Of His Heirs** | § | |
|     **Plaintiffs,** | § | |
| | § | |
|   **vs.** | § | **CIVIL ACTION** |
| | § | **NO. 3:15-CV-0914-N** |
| **MIKE MILES, In His Official Capacity** | § | **(ECF)** |
| **As Superintendent Of The Dallas** | § | |
| **Independent School District; TERRY S.** | § | |
| **SMITH, In Her Official Capacity As** | § | |
| **Executive Director Of The Dallas** | § | |
| **County Juvenile Department; TERRY S.** | § | |
| **SMITH, In Her Official Capacity As** | § | |
| **Chief Juvenile Probation Officer for** | § | |
| **Dallas County;** | § | |
|     **Defendants.** | § | |

**MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)
AND BRIEF IN SUPPORT ON BEHALF OF DEFENDANT
TERRY S. SMITH, IN HER OFFICIAL CAPACITIES**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW the Defendant Terry S. Smith, in her official capacities as the Executive Director of the Dallas County Juvenile Department ("DCJD") and Chief Juvenile Probation Officer of Dallas County, Texas ("Dallas County"), sometimes referred to collectively as ("the Dallas County Defendants"), pursuant to Fed.R.Civ.P.12(b)(6) and move the Court to dismiss the Plaintiffs' claims against them for failure to state a claim upon which relief may be granted in the above entitled

and numbered suit.

In support thereof the Dallas County Defendants would show the Court as follows[1]:

## I.

## **BACKGROUND**

On March 23, 2015 the Plaintiff, Tammy Simpson, individually, and on behalf of the Estate of Troy Causey, Jr., ("the Plaintiff"), instituted this civil rights suit under 42 U.S.C. §1983 seeking unspecified damages arising from the death of her minor son, Troy Causey, Jr., ("Causey").

The Defendants are Mike Miles, in his official capacity as Superintendent of the Dallas Independent School District sometimes referred to as ("DISD") and Terry S. Smith, in her official capacities as Executive Director of the Dallas County Juvenile Department ("DCJD") and Chief Juvenile Probation Officer for Dallas County, Texas ("Dallas County") sometimes referred to collectively as ("the Dallas County Defendants").

Plaintiff alleges that sometime in 2013, while in the custody of the DCJD, Causey was placed at the Dallas County Youth Village ("the Youth Village") where he resided through April of 2013. During his residence at the Youth Village, Plaintiff alleges that Causey was visited by staff members of DISD including the head coach of the DISD-Wilmer-Hutchins basketball team, John Burley, ("Burley").

Plaintiff alleges that DCJD staff allowed Burley to have unsupervised visitation with Causey at the Youth Village and also provided him with access to Causey's private juvenile records.

Plaintiff claims that Burley recruited Causey to play basketball for DISD while he was

---

[1] Because the Plaintiff has not asserted any claims in Plaintiff's Complaint against Smith in her individual capacity, she is appearing in this action solely and exclusively in her official capacities as a representative of Dallas County, Texas and the Dallas County Juvenile Department.

residing at the Youth Village. Plaintiff further alleges that Burley established a residence for Causey within DISD following his release from the Youth Village so that he would be eligible to attend Wilmer-Hutchins High School and play sports there despite his lack of legal residence in DISD.

Plaintiff alleges that another student, Jonathan Tramaine Turner ("Turner") was also recruited by DISD while he was in the custody of the DCJD to play basketball for Madison High School, another school within DISD.

Plaintiff claims that Causey and Turner were both improperly placed in the same residence by DISD staff members so that they would be eligible to play basketball at DISD schools.

On March 24, 2014 Plaintiff alleges that Turner assaulted Causey at the group home to which they were assigned by DISD. As a result of this assault, Plaintiff alleges that Causey sustained a severe brain injury which ultimately caused his death. (See Doc.1; Plaintiff's Complaint at pages 6-10)

Based on these factual averments, the Plaintiff claims that DISD and the DCJD deprived Causey of his rights to life, liberty and bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. §1983.

The Plaintiff generally alleges in her Complaint, without pleading any specific facts to support these claims, as follows:

(1) DISD and DCJD (solely and in concert) engaged in a policy and practice of deliberate indifference to the care and custody of Causey which resulted in his death;

(2) DISD and DCJD (solely and in concert) failed to properly train and supervise their employees in connection with the recruitment and placement of minors in group homes within DISD in order to participate in high school athletic programs; and

(3) DISD and DCJD (solely and in concert) put Causey in an inherently dangerous situation through their established governmental policies and procedures which resulted in his death. (See Doc.1; Plaintiff's Complaint at pages 13-16).

For the following reasons, the Dallas County Defendants submit that the Plaintiff has failed to state a legally plausible claim against them under the Fourteenth Amendment and 42 U.S.C. §1983 upon which relief may be granted by the Court. Accordingly, the Dallas County Defendants assert that they are entitled to the dismissal of the Plaintiff's claims against them under Fed.R.Civ.P. 12(b)(6) as a matter of law.

## II.

## LEGAL STANDARD FOR DISMISSAL UNDER FED.R.CIV.P. 12(b)(6)

In order to defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound, however, to accept

legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id*. However, the Court does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.* 365 F.3d 353, 361 (5th Cir. 2004).

In ruling on a motion to dismiss under Rule 12(b)(6), the Court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id*.

### III.

### PLAINTIFF'S CLAIMS AGAINST SMITH IN HER OFFICIAL CAPACITIES UNDER 42 U.S.C. §1983

The Plaintiff has sued the Defendant Terry S. Smith, in her official capacities as the Executive Director of the Dallas County Juvenile Department ("DCJD") and the Chief Juvenile Probation Officer of Dallas County Texas ("Dallas County") in this suit.

The law is clear that suing a government official in his or her official capacity is simply another way of pleading a claim against the governmental entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2 114 (1985); *Brittany B. v. Martinez*, 494 F.Supp.2d 534, 539 (W.D. Tex. 2007); *Penny v. New Caney Indep. Sch. Dist.*, 2013

U.S. Dist. LEXIS 73375 at 6 (S.D. Tex. May 23, 2013).

The DCJD is an entity created under Sections 152.0631 and 152.0632 of the Texas Human Resources Code. It is statutorily composed of the county judge; one county commissioner appointed by the Commissioners Court; each juvenile court judge; the local administrative judge; one judge of a district court in Dallas County that gives preference to civil matters appointed by the judges of those courts; and the chairman of the youth services. *Id*.

The DCJD is required by statute to provide juvenile probation services to Dallas County, Texas in orders issued by and under the direction of Juvenile Court. See Texas Human Resources Code Sections 142.001 and 152.0007. Dallas County is a governmental unit under Texas law. TEX. CIV. PRAC. & REM. CODE §101.001(3).

Juvenile departments in the State of Texas have been construed to be statutorily created entities which are separate and apart from their counties and commissioners courts. See Tex. Atty. Gen. Op. No. JC0209 (April 12, 2000). Juvenile departments or juvenile boards have been characterized as specialized local entities under Section 140.003 of the Texas Local Government Code. Under this statute juvenile departments are also required to deposit funds into a special account in the county treasury. Tex. Local Gov't Code Section 140.003(a)(f). The Texas Attorney General has reasoned that if the Texas legislature intended the juvenile departments to be part of the counties they served, there would be no need to require department funds to be deposited into the county treasury and disbursed by the County. See Tex. Atty. Gen. Op. DM-460 (Dec. 17, 1997). There is no clear judicial authority, however, which has definitively held that county juvenile departments are separate and distinct legal entities apart from the counties they serve.

Accordingly, in the context of this suit, the Court should construe the Plaintiff's claims

against the Defendant Smith, in her official capacities, as tantamount to claims against the DCJD and Dallas County, Texas.

## IV.

## ARGUMENT AND AUTHORITIES

### ARGUMENT NO. 1

**THE PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE SUBSTANTIVE DUE PROCESS CLAIM AGAINST THE DALLAS COUNTY DEFENDANTS UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C. §1983 BECAUSE SHE HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT AN INFERENCE OF A DELIBERATE INTENT TO CAUSE HARM TO CAUSEY BY DCJD OFFICIALS.**

42 U.S.C. §1983 allows for private civil actions to be brought against state actors and allows for relief from constitutional deprivations caused by a defendant acting under the authority of the State. 42 U.S.C. §1983 in relevant part, reads as follows:

> Any person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or the proper proceeding to redress. . . .

42 U.S.C. §1983.

To state a claim under §1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994).

In analyzing claims brought under the Constitution, where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government

behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims. *Albright v. Oliver*, 520 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). This conclusion is consistent with the Supreme Court's reluctance "to expand the concept of substantive due process." *Collins v. Harker Heights*, 503 U.S. 115, 125, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843-44, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

As relevant here, the Fourteenth Amendment establishes that no State shall… deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend. XIV §1. This provision is more than a guarantee of procedural fairness and covers a substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them. *Lewis*, 523 U.S. at 840.

The "core of the concept" of due process is individual "protection against arbitrary action." *Lewis*, 523 U.S. at 845. The Due Process clause was intended to prevent government officials from abusing their power or employing it as an instrument of oppression. *Id*. at 846. In deciding whether such a violation has been effected, the Supreme Court has emphasized that "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Id*.

To support a finding of a due process violation, a government actor's abuse of power must "shock the conscience" to the point where it "violates the decencies of civilized conduct." *Id*. To meet the "conscience shocking" standard – and hence to impose liability for a due process violation – it is not enough that "someone cloaked with state authority causes harm." *Id*. at 848. Due process does not "purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society," nor does it guarantee due care on the part of state

officials." *Id*. Even "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Id.* Thus, "in order to state a viable substantive due process claim the plaintiff must demonstrate that the state official acted with culpability beyond mere negligence." *McClendon v. City of Columbia*, 305 F.3d 314, 325 (5th Cir. 2002).

The Plaintiff specifically cites the Due Process Clause of the Fourteenth Amendment to support her claims against the Dallas County Defendants in this suit. See Plaintiff's Complaint (Document 1) at page 13).

The Plaintiff makes no specific averment of how the Due Process Clause of the Fourteenth Amendment has been violated but instead generally alleges that the DCJD allowed DISD officials unsupervised visitation with Causey during his residence at the Youth Village and also allowed them access to his private juvenile records.

Because there appears to be no other possible theory raised by these allegations, the Dallas County Defendants construe these claims as alleging a violation of Causey's substantive due process rights.

In analyzing substantive due process claims under the Fourteenth Amendment, the Court must examine whether Plaintiffs' allegations rise to the level of arbitrary and egregious conduct on the part of the DCJD employees. As previously noted, in conducting this examination the Court is required to assume that all well-pled facts are true. *Sonnier*, 509 F.3d at 675. Even with that assumption accepted, the Plaintiff has failed to state a claim upon which relief can be granted.

To state a claim under the Fourteenth Amendment, the Plaintiff must allege an act by the DCJD or its employees, that "shocks the conscience" to the point where it "violates the decencies of civilized conduct." *Lewis*, 523 U.S. at 845.

Here the Plaintiff has alleged no facts to show that DCJD officials intended to harm Causey or engaged in any conduct which meets the threshold of "conscience shocking" behavior necessary to support a substantive due process claim under the Fourteenth Amendment or 42 U.S.C. §1983.

Because the Plaintiff has failed to allege facts that could demonstrate an intent to cause harm to Causey, her substantive due process claim against the Dallas County Defendants must be dismissed as a matter of law.

### ARGUMENT NO. 2

**THE PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE CLAIM FOR RELIEF AGAINST THE DALLAS COUNTY DEFENDANTS UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C. §1983 BECAUSE SHE HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT AN INFERENCE THAT A DCJD POLICY OF DELIBERATE INDIFFERENCE WAS THE MOVING FORCE BEHIND A VIOLATION OF CAUSEY'S CONSTITUTIONAL RIGHTS.**

To hold the Dallas County Defendants liable, the plaintiff must allege that (1) the constitutional violation was caused as the direct result of the execution of an official "custom" or "policy"; (2) the custom or policy was approved or sanctioned by a DCJD final policymaker; (3) the final policymaker acted with deliberate indifference; and (4) the custom or policy was the "moving force" behind the violation. *See Bd. Of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403-04, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412 (5th Cir. 1997) (en banc). "Municipal liability cannot be sustained under a theory of respondeat superior. The unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Rivera v. Hous. Indep. Sch. Dist.,* 349 F.3d 244, 247 (5th Cir. 2003) (alteration in original) (citing *Brown*, 520 U.S. at 403; *Piotrowski v. City of Houston*, 237 F.3d 567,

578 (5th Cir. 2001) (internal quotation marks omitted).

The Plaintiff must demonstrate that DCJD adopted an unconstitutional policy or that it otherwise knew about or acquiesced in a permanent and deeply embedded abusive and unconstitutional practice. *See Piotrowski*, 237 F.3d at 578-79. Isolated violations of law by DCJD employees cannot constitute a custom or policy by the Dallas County Defendants. *See id*. at 578; *see also, Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002). The plaintiff must allege that DCJD adopted a policy that caused Causey's injuries and that it adopted it with deliberate indifference to its known or obvious consequences in violating Causey's federally protected rights. *See Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir. 1998); *Teal v. City of Houston*, 523 F.Supp.2d 555, 563 (S.D. Tex. 2007). When a plaintiff bases her claim on a failure to implement or enforce a policy or custom, the facts alleged must support an inference of deliberate indifference to the plaintiff's constitutional rights. *See Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 753-54, 755-56 (5th Cir. 1993). To show that the policy allegedly adopted was the "moving force" behind the constitutional violation, there must be a direct causal link between the alleged policy and the claimed constitutional injury. *Snyder*, 142 F.3d at 795; *Teal*, 523 F.Supp.2d at 563; *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

The Plaintiff's Complaint fails to allege any facts which would establish a policy of deliberate indifference by the DCJD. The Plaintiff has failed to allege any facts which (1) identifies an official policymaker for the DCJD; (2) a clear violation of Causey's constitutional rights by a policymaking official or employee of the DCJD; or (3) a violation of Causey's constitutional rights whose moving force is the official custom or policy of the DCJD.

Indeed the Plaintiff's Complaint is devoid of any factual allegations which could support a

reasonable inference that the DCJD had an official policy which permitted physical abuse of juvenile probationers by other probationers.

Because the Plaintiff has failed to allege facts that could establish an official policy of the DCJD which was the moving force or cause of injuries suffered by Causey, her claim against the Dallas County Defendants under 42 U.S.C. §1983 must also be dismissed for this reason.

### ARGUMENT NO. 3

**THE PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE CLAIM FOR RELIEF AGAINST THE DALLAS COUNTY DEFENDANTS UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C. §1983 FOR FAILURE TO TRAIN OR SUPERVISE BECAUSE SHE HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT AN INFERENCE THAT A DCJD POLICY OF INADEQUATE TRAINING OR SUPERVISION WAS THE DIRECT CAUSE OF HARM TO CAUSEY.**

Municipalities may be liable under §1983 only if a "policy" of inadequate training or supervision caused the violation of the plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), *Peterson v. City of Fort Worth, Texas*, 588 F.3d 838, 850 (5th Cir. 2009). In order to hold a municipality liable under §1983 for failure to train or supervise, the Plaintiff must show that (1) the municipality's training procedures or supervision were inadequate; (2) the municipality's policymaker was deliberately indifferent in adopting the training policy or in supervising subordinates; and (3) the inadequate training or supervision directly caused the plaintiff's injury. *Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000); see also *Peterson*, 588 F.3d. at 850; *Burge v. Taumany Parish*, 336 F.3d 363, 370 (5th Cir. 2003). The Supreme Court has emphasized that "[a] municipality's culpability for a deprivation of rights is at its most tenuous where it turns on a failure to train." *Connick v. Thompson*, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011).

In this case the Plaintiff has failed to plead sufficient facts to establish any of the threshold elements of a viable failure to train claim against Dallas County. The Fifth Circuit has specifically held that "when [governmental] officers have received training required by Texas law, the Plaintiff must show that the legal minimum of training was inadequate." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381-82 (5th Cir. 2010). The Plaintiff has failed to plead any facts which establish that the DCJD failed to meet state mandated training or supervision standards for its personnel. Thus, there is no basis to show that DCJD's training or supervision of employees was inadequate.

The Plaintiff has also failed to plead that a policymaker for the DCJD was deliberately indifferent in adopting the training policy or supervising its personnel.

Finally, the Plaintiff has failed to plead any facts to show that inadequate training or supervision by a DCJD policymaker directly caused any of the alleged injuries or harm sustained by Causey in this suit. *Penny v. New Caney Indep. Sch. Dist.*, 2013 U.S.Dist. LEXIS 73375 (S.D. Tex. May 23, 2013).

Because the Plaintiff has failed to allege facts which could show that training or supervision policies of DCJD were adopted with deliberate indifference to Causey's constitutional rights or were the direct cause of his injuries, her claim against the Dallas County Defendants predicated on this basis under 42 U.S.C. §1983 must also be dismissed for this reason.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Dallas County Defendants pray that the Court will grant this motion to dismiss and dismiss the Plaintiff's claims against them with prejudice, and any further relief to which they may be entitled under the law.

        Respectfully submitted,

        SUSAN HAWK
        DALLAS COUNTY DISTRICT ATTORNEY

        /s/ Peter L. Harlan_____
        PETER L. HARLAN
        ASSISTANT DISTRICT ATTORNEY
        TEXAS BAR NO. 09011300
        FRANK CROWLEY COURTS BUILDING
        133 N. RIVERFRONT BLVD., LB 19
        DALLAS, TEXAS 75207-4399
        (214) 653-3691 (Telephone)
        (214) 653-2899 (Telecopier)
        pharlan@dallascounty.org

        ATTORNEYS FOR DEFENDANT
        Terry S. Smith, In Her Official \Capacities

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that on May 8, 2015 I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court. The electronic case filing system will send a Notice of Electronic filing notification to all case participants registered for electronic notice including the following pro se parties and/or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Charles H. Peckham
Peckham, PLLC
800 Bering Dr., Suite 220
Houston, TX  77057
cpeckham@peckhampllc.com

        /s/ Peter L. Harlan_____
        PETER L. HARLAN